UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON WALLS,

        Plaintiff,                  CIVIL ACTION NO. 09-14104

v.                                   DISTRICT JUDGE DENISE PAGE HOOD
                                      MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant complaint seeking judicial review of the denial of Social Security disability benefits should be dismissed, sua sponte, as Plaintiff admittedly failed to commence the action within 60 days after receipt of the final decision of the Commissioner.

\* \* \*

Plaintiff filed an application for Social Security disability income benefits alleging that she had become disabled and unable to work. Benefits were denied, initially and upon reconsideration, by the Social Security Administration. A requested de novo hearing was held before an Administrative Law Judge (ALJ). The ALJ subsequently found that the claimant was not entitled to disability benefits. The Appeals Council later denied Plaintiff's request for review in an Order dated March 18, 2009 (See Complaint, paragraph 6). Copies of the Appeals Council's decision were sent to Plaintiff's residence and to her attorney that same day advising them that they could commence a civil action seeking judicial review of the decision to deny disability benefits within sixty days from the date of

receipt of the notice.[1] Plaintiff did not file a civil action seeking judicial review of the denial of benefits until October 16, 2009, nearly two hundred and ten days after the presumed receipt of the Appeals Council notice.

Plaintiff filed a Motion to File an Untimely Complaint on October 16, 2009, admitting that she had failed to commence her civil action in a timely fashion. The complaint was untimely, according to Plaintiff's counsel, because she had been busy moving from Michigan to Georgia during the relevant time to file. Plaintiff has not served the defendant to date.

Judicial review of social security claims is governed by 42 U.S.C. §§ 405(g) and 405(h). Under 405(g):

> [A]ny individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Section 405(h) states:

> The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such

---

[1] Plaintiff was informed that the 60 day time limit started the day the claimant received the Notice of Appeals Council Action. It was assumed that the Notice was received 5 days after the date on it (i.e. March 23, 2009) unless the claimant showed that she did not receive it within the 5 day period. Plaintiff's counsel acknowledges that he received a copy of the Appeals Council decision on March 23, 2009.

> hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

The first two sentences of Section 405(h) guarantee that "administrative exhaustion will be required. Specifically, they prevent review of decisions of the Commissioner save as provided in the [Social Security] Act, which provision is made in § 405(g)." Weinberger v. Salfi, 422 U.S. 749, 757 (1975).

Three conditions must be satisfied to obtain judicial review under § 405(g): (1) a final decision of the Commissioner after a hearing; (2) commencement of a civil action within sixty days after the mailing of notice of such decision, or within such additional time as the Commissioner may permit; (3) filing of the action in the appropriate district court. 42 U.S.C. § 405(g); Salfi, 422 U.S. at 763-764.

Plaintiff has failed to satisfy the second requirement for judicial review by not commencing a civil action within 60 days after the mailing to her of notice of the final decision of the Commissioner. Congress and the Commissioner have established an "unusually protective" process to facilitate the orderly and sympathetic administration of disputed claims, Heckler v. Day, 467 U.S. 104, 106 (1984), which culminates in a final decision of the Commissioner subject to judicial review. 20 C.F.R. §§ 416.1402-1483 (2009).

First, a claimant is entitled to an initial determination of disability. 42 U.S.C. § 421(a); 20 C.F.R. § 404.1503 (2009). Second, if dissatisfied, the claimant may request a de novo reconsideration of that determination. 20 C.F.R. §§ 404.907-921 (2009). Third, if still

3

dissatisfied, the claimant is entitled to an evidentiary hearing and a de novo review before an ALJ. 42 U.S.C. § 405(b); 20 C.F.R. §§ 404.929-404.961 (2009). Fourth, the claimant may take an appeal to the Appeals Council within 60 days of receiving notice of an unfavorable decision by an ALJ after a hearing. 20 C.F.R. §§ 404.967-404.983 (2009). The claimant may then seek judicial review in federal district court. 42 U.S.C. § 405(g); Day, 467 U.S. at 106-07. Thus, for purposes of the finality requirement of § 405(g), a claim becomes final after the Appeals Council renders its decision.

In this case, Plaintiff conceded that she did not seek judicial review of the Commissioner's final decision until October 16, 2009, nearly two hundred and ten days after it is presumed she received the Appeals Council's notice of decision, despite the fact that the notice instructed her to commence a civil action seeking judicial review within sixty days from the date of receipt. Since the request for review was not filed within the time limit "the right provided by the statute ceases to exist, and the present action should be properly dismissed". Boomer v. Ribicoff, 304 F.2d 427, 429 (6th Cir.1962); See also Willis v. Secretary, 931 F.2d 390, 396 (6th Cir. 1994); Biron v. Harris, 668 F.2d 259 (6th Cir. 1982); Johnson v. Railway Express Agency, 489 F.2d 525, 528 (6th Cir. 1973).

While the 60 day statute of limitation can be tolled by a federal court "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate", Bowen v. City of New York, 476 U.S. 467, 480 (1986), there are no extraordinary circumstances in this case that warrant an extension. The notice of the Appeals Council's action explained the time limitation for filing a civil action, and a copy of the notice was received by Plaintiff's attorney. Although the Appeals Council will, upon a showing of good cause, extend the time for filing an action in federal court, see 20 C.F.R.

4

§§ 404.911, 404.982, 416.1411, 416.1482 (2009), Plaintiff does not claim to have made such a request. Nor did Plaintiff allege in her complaint that there is any circumstance that would warrant equitable tolling, or an extension of the sixty day limitation. See Bowen v. City of New York, 476 U.S. at 479-481; Day v. Shalala, 23 F.3d 1052, 1058 (6th Cir. 1994)(describing circumstances that warrant equitable tolling). Since Plaintiff concedes that her action is time barred, dismissal for failure to state a claim is appropriate.

While the sixty day time limitation is not jurisdictional, Bowen v. City of New York, 476 U.S. at 479, an action filed out of time should be barred unless the Commissioner extends or waives the limitation, or an adequate reason is provided to justify the tolling of the statute. See Cook v. Commissioner, 480 F.3d 432, 487 (6th Cir. 2007). Plaintiff has failed to provide sufficient justification for tolling in this instance. The sixty day period allowed for filing suit is sufficiently generous to accommodate the schedules of busy claimants. A simple telephone call to her counsel would have been sufficient to protect her right to judicial review. Our circuit has recognized that the lack of a clear filing deadline could create havoc in a system dealing with millions of applicants each year. Id. Accordingly, Plaintiff's Motion to file an Untimely Complaint should be denied, and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with

specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: April 26, 2010

___

### CERTIFICATE OF SERVICE

I hereby certify on April 26, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 26, 2010: **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217